111 So.2d 391

**Jim CHESSER**

v.

**COTTON TRACTOR COMPANY.**

4 Div. 362.

Court of Appeals of Alabama.

April 21, 1959.

Prestwood & Prestwood, Andalusia, for appellant.

Ed Brogden, Andalusia, for appellee.

PRICE, Judge.

Plaintiff sued defendant under the common counts claiming the sum of $287.17 due by account, account stated, merchandise goods and chattels sold by plaintiff to defendant, and for work and labor done by plaintiff at defendant's request. The basis of the suit was certain parts furnished, and repairs made by plaintiff to defendant's tractor.

Defendant's contention was that the damage to the tractor, necessitating parts and repairs sued for, was caused by plaintiff's action in placing mismatched parts in the tractor and in leaving oil out of the differential.

The cause was tried by the court below without the intervention of a jury. The court entered a judgment in favor of plaintiff and against defendant and assessing his damages at $256.87. Defendant appeals.

Appellant has argued in brief only two assignments of error. These assignments are as follows:

"2. The Court erred by ignoring all of the Appellant's expert testimony relative to the engineering requisite that all pinions and ring gears must be matched to avoid mechanical friction and misfit which ultimately cause damage and failure to the machine."

"7. The Court erred in ignoring the requirements of the automotive manual referred to on page 43 of the record in connection with Appellant's assertion that the ring gear and pinion *must be matched* at the factory."

These assignments in no way question any ruling by the trial court, but attempt to state by way of conclusional assumptions the trial judge's mental processes in arriving at his judgment. This is not a matter reviewable by us. It follows that the judgment must be and is affirmed.

Affirmed.